IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED VAN LINES, LLC,
GREENMOUNT MOVING &
STORAGE, INC.,

     Plaintiffs,

vs.                                 CASE NO.: 6:03-cv-885-Orl-18JGG

JOHN GUILLORY and
MARLON DAKERS,

     Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon *pro se* Defendants' motion for relief from judgment (Doc. 19, filed January 25, 2005), to which Plaintiffs responded in opposition (Doc. 21, filed February 4, 2005). Although Defendants replied to Plaintiffs response, the reply is stricken due to Defendants failure to comply with Local Rule 3.01.[1]

Plaintiffs United Van Lines LLC and Greenmount Moving & Storage, Inc. claim that Defendants failed to pay for rendered transportation services and filed a complaint for enforcement of possessory carrier's and warehouseman's liens on June 26, 2003. Default Final Judgment was entered against Defendants John Guillory and Marlon Dakers on April 1, 2004 (Doc. 16.)

In its motion for relief from judgment, Defendants state that they have not had any type

---

[1]Defendants filed a reply (Doc. 23, filed February 25, 2005), to which Plaintiffs moved to strike (Doc. 26, filed February 28, 2005), and to which Defendants responded in opposition (Doc. 27, filed March 9, 2005). The Court grants Plaintiffs' motion to strike. Plaintiff failed to request permission to file a reply pursuant to Local Rule 3.01(b).

of communication with Plaintiffs. Although it is unclear, Defendants also seem to state that they are in settlement negotiations with Barrieau Moving, which they allege is an agent of United Van Lines. Finally, Defendants explain that relief from judgment is appropriate because Guillory, who is incarcerated at Federal Miami Camp Institution in Miami, Florida, was surprised by notice of the default final judgment on January 14, 2005.

"A district court may set aside a default judgment on the basis of 'mistake, inadvertence, surprise, or excusable neglect,' or for 'any other reason justifying relief from the judgment.' African Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1202 (11th Cir. 1999) (quoting Fed. R. Civ. P. 60(b)(1), (6)). "[T]o establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (citing E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990)).

Defendants fail in all three respects. First, the motion does not provide a meritorious defense for Plaintiffs' claim of unpaid services. Although Defendants stated that they never had any communication with Plaintiffs. Defendants fail to address United Van Lines' bill of lading that was signed by Guillory. See Compl., Ex. A.

Second, nothing in the motion suggests that Plaintiffs would not be prejudiced by setting aside default judgment. Plaintiffs filed the complaint in June, 2003 and attest to having incurred considerable legal fees since that time. (Doc. 12 at 8-9.) Moreover, Guillory entered

2

into a settlement agreement with Plaintiffs on January 9, 2004, but has failed to pay the
Plaintiffs. (Doc. 12 at ¶ 13-16. Ex. C.) Defendants provide no explanation as to why such
delays and costs in the resolution of this matter have not effected Plaintiffs in a prejudicial
manner.

Finally, Defendants state that Guillory was "surprised" by receiving Plaintiffs' notice of
Final Default Judgment on January 14, 2005. Although Guillory may have been unaware of the
order of Final Default Judgment, there is no indication that either Defendant was unaware of
the complaint filed against them. With the Court's approval, the Defendants published a Notice
of Action in the <u>Orlando Sentinel</u> on November 23, 2003.[2] Additionally, it is especially
difficult to believe that Guillory failed to become aware of the complaint given that the January,
2004 settlement agreement identified this case on page two of the agreement. On the bottom
right hand corner of that page is Guillory's initial. (<u>See</u> Doc. 21 at ¶ 13: Ex. C.)

---

[2] Prior to this Court's approval of constructive notice of process, Plaintiffs made fourteen attempts to serve
Guillory at his 5281 Jade Circle, Orlando residence, including one attempt where the server made contact
with Guillory's mother. As recently as March 29, 2004, Guillory listed his address as 5281 Jade Circle,
Orlando. (Doc. 21, ¶ 17, Ex. E.)

3

## CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Plaintiffs' motion to strike (Doc. 26) Defendants' reply (Doc. 23) is **GRANTED**.

2. Defendants' motion for relief from judgment (Doc. 19) is **DENIED**.

3. Defendants' motion for copies of all docket documents (Doc. 20) is **DENIED**. Copies of past docket documents are available to Defendants by contacting the Middle District of Florida Clerks Office and paying the required copying sending fees.

4. All other pending motions are **DENIED** as moot.

**DONE** and **ORDERED** in Orlando, Florida on this _____ day of July, 2005.

**G. KENDALL SHARP**
**SENIOR UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel of Record

4